Good morning Justices. In the case of Lamb v. Cuomo, I am Appellant John Mecca and this is Appellant Debra Lamb. May it please the Court, we combine both of our oral arguments and state the following upon all briefs had herein. The lower court dismissal is void according to our briefs. That comports with the fact that the dismissal, and I quote, lacks the requisite plain statement that it rests on state grounds. In the case of Delaware v. Van Arsdal, 475 U.S. 673 Supreme Court, pages 689 and 690, year 1986, which mandates remand of the case back to the lower court for lack of a plain statement. Appellees, using sharp-to-conscience New York State laws, sanctioned us for ex parte deprivation hearings, surgical installation of electronic devices in our bodies, and Appellees' New York State laws' tyranny kept it all a secret from us, also prohibited us hiring a psychiatrist for our defense. See our reply briefs, point 4, paragraph 12, does violate Aki v. Oklahoma, 470 U.S. 68 Supreme Court, pages 8283, year 1985. Because the state must yield despite financial burden and allow a hearing for us to hire our own psychiatrist, and our briefs prove New York State laws authorized what we allege the Appellees did, sanctions. Nevertheless, Judge Siebert called it our delusions, and in her vague statement, the New York State laws controlled the case, which caused a discriminatory violation of our due process rights of equal protection under the laws, and disobeyed many declaratory decrees mandating discovery in our 42 U.S.C. 1983 complaint, and violated our preliminary injunction of the shock-to-conscience New York State laws at issue for fairness. Judge Siebert then, under New York State laws, unfairly reviewed all of our scientific evidence for standing, called the evidence in us delusional, to justify her prohibiting it, was plain error. For we are not delusional, for our scientific evidence affidavits, reference exhibits, being public domain literature, prove such devices a fact. The root basis of our prior complaints was the unconstitutional New York State secret hearings laws, thereby exempting our prior complaints from preclusion, alibi, or query. The dismissal contravened the Code of Conduct of the United States Judges, Canon 1, Canon 3B-5, and Canon 3C-1A. We are suffering continual harm. We fear for our lives and pray for remand according to our briefs and their conclusions, and we swear under penalty of perjury the affords that is true. And, Appellant Deborah Land. Good morning, Justices. I am Appellant Deborah Land, and may I be quorum? May it please the Court we combine both of our oral arguments and state the following. Upon all briefs had herein. Appellee's own New York State policy document admits experimental studies have been and are going on in New York State without the knowledge or consent of the human subjects and admits to violating the human subjects' due process rights. When the human subject's dissenting is ignored, thereby our due process is violated because appellees knew or should have known that our complaints are the highest form of dissent. By our complaints regarding harm to us arising from violations of our due process rights, from utterly secret hearings, Judge Siever and appellees knew of our complaints, yet ignored that dissent using this unconstitutional New York State laws, and thereby disobeyed the New York State policy document. And I quote the document. If signs of dissent are present, the researcher may not enroll or allow continued participation of the individual in the study. That New York State policy is referenced in our main brief .1 scientific evidence affidavits. Appendix page 41, exhibit 7K. The document's citable title is New York State Department of Health Report and Recommendations for Research with Human Subjects Who Lack Consent Capacity. New York State Task Force on Life and the Law, January 2014. Page 36, but not limited to that page, we point out we have always been competent in our main brief .10. Paragraph 15A, CITES Appendix, pages 258 and 262. We are suffering continual harm. We fear for our lives and pray that the egregious treatment of us will stop, and we pray the court to demand, according to our briefs and their completions, we swear the penalty of perjury therefore said is true. May it please the court, Scott Eisenman for the state of penalties. I'd like to make just two brief points in response to Quentin's presentation. The first is that other than living in New York State, these plaintiffs are strangers to the state and to the state officials that they've sued. This is not a case where you might have some interaction between a pro se plaintiff and state officials. For example, a strip search in a state prison that gives rise to a raft of claims, some of which may be fanciful, but some of which might survive a motion to dismiss. That is not the case here. These are allegations that, as the district court noted, are nothing but plaintiff's delusions. The second point I'd like to make is that there was an adequate level of process attaching to the litigation injunction here. Not only in 2009 did the district court warn these plaintiffs that continuing to file actions alleging covert implementation of electromagnetic devices would risk the issuance of a litigation injunction, but the district court issued an order to show cause here, and instead of responding to that order to show cause with reasons why a litigation injunction should not issue, the plaintiffs filed a motion for reconsideration and another motion seeking to vacate the judgment. So if the court has no questions, those are the only points that I want to make. Thank you.